UNITED STATES DISTRICT COURT

DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| David Stearns,<br><br>　　　　Plaintiff,<br>vs.<br><br>Larson Grain Company,<br><br>　　　　Defendant. | Case File No: _____<br><br>**COMPLAINT** |

　　　　For his Complaint, Plaintiff David Stearns ("Plaintiff" or "Stearns") states and alleges as follows:

## THE PARTIES

　　　　1.　　Plaintiff David Stearns is a private individual.  At the time of the events related in this Complaint, he was a citizen of the state of North Dakota, his address being 112 1st NE, LaMoure, North Dakota.   He is currently in the process of transferring citizenship to South Dakota, his address being 6521 Muirfield Drive, Rapid City South Dakota, 57702.

　　　　2.　　Defendant Larson Grain Company ("Larson") is a North Dakota corporation, with its principal place of business at 103 First Street NE, LaMoure, North Dakota 58458.

## JURISDICTION

　　　　3.　　Plaintiff herein alleges violation of the federal Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 *et seq*.  Consequently, this Court has jurisdiction over this case pursuant to 28 U.S.C. Sec. 1331.  This Court has jurisdiction over the related state claims under 28 U.S.C. Sec. 1367(a).

## FACTS

4.  Plaintiff was hired for the position of Defendant's Chief Executive Officer ("CEO") on June 11, 2009.  At this time, Plaintiff was 57 years old.  Plaintiff's contract with Defendant specified that his term as CEO would end on December 31, 2015.  Plaintiff was fully qualified for the position and immediately began performing his duties, which he did at all times in a more than satisfactory manner.  However, despite Plaintiff's repeated requests, Defendant's board failed to officially create the CEO position in Defendant's bylaws, as would be necessary for an officer position, or officially install Plaintiff in that position.

5.  Soon after Plaintiff was hired, beginning in September 2009, the chairman of Defendant's board, Peter Shockman, began making pervasive, demeaning age-related comments to Plaintiff.  Mr. Shockman would make age-related comments aimed at Plaintiff at nearly every board meeting or other instance at which the board convened.  These comments were continuous and pointed.  In one particularly demeaning incident, at a meeting at a supper club with Plaintiff, several board members, and two of Plaintiff's management staff, Mr. Shockman continually harassed Plaintiff about Plaintiff's age – asking Plaintiff how old he was, when did he graduate from high school, did Plaintiff attend high school at the same time as the mother of one of Plaintiff's staff members, etc.

6.  In December 2009, Plaintiff told Kevin Sommerville, a recruiting consultant who assisted in screening Plaintiff for Defendant and who had called Plaintiff to check up, and another board member, Steve Shockman, that Plaintiff was being harassed by Peter Shockman regarding his age.  Nevertheless, Peter Shockman made another such age-related comment to Plaintiff in April 2010.

7. Around January and February 2010, Plaintiff became aware that Defendant had been violating insurance law for some time. For several years, Defendant had been receiving substantial refunds from its insurance agency, which Plaintiff discovered had likely been an illegal practice since 2003. Defendant's board members and Controller also became aware that Plaintiff had been looking into Defendant's refund (rebate) practice, and Vice President Eric Larson ordered Plaintiff to have no involvement in the insurance issue anymore. After some investigation, on or around April 19, 2010, Plaintiff called a United States Department of Agriculture fraud investigation hotline to discuss his concerns about this insurance practice. He left the company phone number in the expectation of a return phone call. On April 23, 2010, Plaintiff received a return phone call from a North Dakota government investigator named Troy Schauer. Defendant's receptionist, Lori Peterson, received the call and knew it was from a government fraud investigator to Plaintiff, which disturbed her.

8. On May 7, 2010, despite Plaintiff's satisfactory job performance, Plaintiff's employment was terminated by Defendant, without cause and in violation of Plaintiff's contract with Defendant. Plaintiff asked Defendant why he was being terminated, but Defendant provided no answer. Defendant fired Plaintiff because Plaintiff reported Defendant's insurance fraud to the government, because of Plaintiff's age, and in retaliation for Plaintiff's protests against the age discrimination.

9. Defendant then hired a much younger man, Ross Fugleberg, to replace Plaintiff as CEO. At the time of his termination, Plaintiff was 58, while Mr. Fugleberg was under 40.

**COUNT I - BREACH OF CONTRACT**

10. The preceding paragraphs are incorporated as if stated fully herein.

11. Plaintiff and Defendant had an employment contract specifying that Defendant would employ Plaintiff as CEO of Defendant.

12. Defendant breached this agreement by failing to ever officially create the CEO position contractually promised to Plaintiff in Defendant's bylaws or to officially designate Plaintiff as the CEO under the company bylaws.

13. As a result of Defendant's breach, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff is consequently entitled to relief and damages including interest, costs and disbursements.

### COUNT II – AGE DISCRIMINATION
### (NORTH DAKOTA HUMAN RIGHTS ACT AND AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967)

14. All previous paragraphs are incorporated as if stated fully herein.

15. Plaintiff was 57 and 58 years of age at the time the events described herein took place.

16. Plaintiff was qualified for the position of Defendant's CEO, and performed his work in that position at all times in a satisfactory manner.

17. Plaintiff was subject to unwelcome harassment by Defendant because of Plaintiff's age.

18. The unwelcome harassment affected a term, condition, or privilege of Plainitff's employment and was so pervasive that it altered the working conditions of employment and created a hostile working environment. Specifically, despite the employment agreement between

Plaintiff and Defendant, and Plaintiff's repeated requests and reminders, because of Plaintiff's age, Defendant refused to officially create the CEO position in the company bylaws and grant Plaintiff the title and position, effectively denying him a promotion or essential term and condition of his employment.

19. Defendant terminated Plaintiff on May 7, 2010, without cause. Plaintiff asked Defendant why he was being terminated, but Defendant provided no answer. Defendant then hired a much younger man and placed him in the CEO position. Defendant terminated Plaintiff due to age discrimination, retaliation for Plaintiff's protests against the discrimination, and Plaintiff's whistleblower actions (see below).

20. Defendant's actions constituted a violation of the North Dakota Human Rights Act (N.D.C.C. ch. 14-02.4) and the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. § 621 *et seq.*), and Plaintiff is entitled to relief and damages under those statutes, including interest, costs, disbursements, and attorney's fees.

## COUNT III - WHISTLEBLOWER CLAIM (N.D.C.C. § 34-01-20)

21. All previous paragraphs are incorporated as if stated fully herein.

22. As described above, Plaintiff reported Defendant's suspected violations of the insurance law to government investigators on or around April 19, 2010. Defendant's board members and Controller were aware that Plaintiff had been investigating the questionable insurance refund practice and had discouraged him from pursuing the issue.

23. On or around April 23, 2010, Defendant's receptionist discovered that Plaintiff had received a call from a government fraud investigator.

24. Defendant terminated Plaintiff's employment without justification or cause on May 7, 2010, directly after Defendant became aware that Plaintiff had reported the violation. When Plaintiff asked why he was being terminated, no reason was given.

25. Defendant terminated Plaintiff's employment in retaliation for Plaintiff's reporting of Defendant's violation of the insurance law and due to age discrimination. By so doing, Defendant willfully violated N.D.C.C. § 34-01-20, and Plaintiff is entitled to relief and damages under that statute, including interest, costs, disbursements, and attorney's fees.

WHEREFORE, Plaintiff requests the following relief:

1. On Count One, a judgment in favor of Plaintiff and against Defendant concluding that Defendant breached its contract with Plaintiff, and awarding Plaintiff reinstatement, damages in an amount to be determined at trial, plus interest, costs and disbursements;

2. On Count Two, a judgment in favor of Plaintiff and against Defendant concluding that Defendant discriminated against Plaintiff on the basis of age, and awarding Plaintiff reinstatement, damages in an amount to be determined at trial, interest, costs, disbursements, and attorney's fees;

3. On Count Three, a judgment in favor of Plaintiff and against Defendant concluding that Defendant retaliated against Plaintiff in violation of N.D.C.C. § 34-01-20, and awarding Plaintiff reinstatement, damages in an amount to be determined at trial, interest, costs, disbursements, and attorney's fees;

4.   An award to Plaintiff of such further relief as is just and equitable.

Dated: December 29, 2010

                              **FABYANSKE, WESTRA, HART & THOMSON, P.A.**

                          By:   /s/ Aaron A. Dean
                                Aaron A. Dean (ND #06265)
                                Julie A. Doherty (MN# 237875)
                                Hannah R. Stein (MN# 345908)
                                800 LaSalle Avenue, Suite 1900
                                Minneapolis, MN 55402
                                **ATTORNEYS FOR PLAINTIFF**